ROSALIE A. BLEAKLEY, Respondent, *v.* TIMOTHY J. SULLIVAN, Appellant, Impleaded with Others, Defendants.

62 243
140a 175

*Landlord and tenant — special lien for rent on brick made on the premises — its validity — subsequent mortgagee — confusion of goods.*

One Bleakley leased a brick-yard to certain persons, who associated with themselves another party and formed a corporation for the manufacture and sale of brick. The lease granted the right to enter upon the property and take material for the brick; and further provided that after the first quarter's rent became due, the lessees should at all times have and keep upon the yard enough good hard brick to pay one quarter's rent, and upon default in the payment of the rent, the lessor was authorized to take and sell the brick and discharge the rent from the proceeds thereof.

The lessees mortgaged all the brick on the premises to a third party.

Rent having become due and remaining unpaid, an action was brought to compel the execution of the covenants in the lease so far as respected brick sufficient to pay the rent due.

*Held,* that the covenants were valid, and that under them Bleakley, not having parted with the ownership of the material from which the brick was made, had always been in possession of the brick in an amount sufficient to discharge the rent.

That the third party holding the mortgage was in no better position than his mortgagors, who could not sell the brick below an amount which would satisfy one quarter's rent.

That if the brick which the lessees should have reserved had become confused with other brick the lessor should not suffer because thereof, and was entitled to take from any brick in stock sufficient to pay her rent.

Appeal by the defendant, Timothy J. Sullivan, impleaded with others, from a judgment entered, in the office of the clerk of the county of Westchester on the 19th day of May, 1891 (after a submission upon an agreed statement of facts at the Westchester Special Term), restraining him and others from removing certain brick from a brick-yard belonging to the plaintiff.

*C. W. Horton, Calvin Frost* and *Franklin Couch,* for the appellant.

*David W. Travis,* for the respondent.

Barnard, P. J.:

The plaintiff executed a lease to McGuire & Griswold of a brick-yard at Verplanck's Point, in Westchester county. The lessees took

in another party and formed a corporation under the name of McGuire & Co., for the manufacture and sale of brick. The lease granted the right to enter upon the plaintiff's property and take the material for the manufacture of the brick. The lease provided that at all times, on and after the first quarter's rent became due, the lessees should have and keep upon the yard good hard brick, enough to pay one quarter's rent. In case of default in payment of rent, the lessees were authorized to take the brick and sell the same, and discharge the rent due, with expense of sale. There is rent due and the lessees have mortgaged to Sullivan, one of defendants, all the brick in the yard. The action is brought to compel the execution of the covenants in the lease so far as respects brick sufficient to pay the undue rent. The lease was not a chattel mortgage. It did not convey property with a defeasance, and it operated on no specific property. The landlord never parted with the title and her claim rests upon her personal right thereon.

She owned the yard and the materials with which brick was made. She gave the right to the brickmakers to take her property and make it into brick, but no sale could be made below an amount sufficient to pay her rent. The lessees never had a right to sell and could not sell to Sullivan without observing this covenant. A mortgagor can give no title greater than he has. The lessees were always in possession of the brick reserved; this possession followed her title to the land and to the product of the land, so far as such product was reserved for her own safety, until the covenant of payment was fulfilled. It was the fault of the lessees if this reserved amount of brick was mixed with other brick, and when a confusion of goods is thus made the lessee gets no benefit.

The landlord can take out of the confused goods an amount equal to his demand. The agreement was good in law; was beneficial to the tenants, and they could not evade it in the manner shown by the case.

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.